UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CARTER,

                Plaintiff,         Civil Action No. 21-12309

v.                                      Laurie J. Michelson
                                        United States District Judge

MICHAEL BOUCHARD, *et al.*,       David R. Grand
                                        United States Magistrate Judge

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF (ECF No. 3)

**I.  REPORT**

    **A.  Background**

On September 20, 2021, plaintiff Dennis Carter ("Plaintiff") filed a complaint in this matter against Michael Bouchard, the Oakland County Sheriff, as well as certain employees of the Oakland County Jail. (ECF No. 1). In his complaint, Plaintiff alleges that, while incarcerated at the Oakland County Jail, he was threatened multiple times by another inmate. (*Id.*, PageID.1). Plaintiff further asserts that, although he reported these threats to some or all of the named defendants, the inmate who threatened him was moved to a cell directly next door to him. (*Id.*, PageID.2). As a result, Plaintiff claims that, on August 30, 2021, he was assaulted by five inmates and "seriously injured," requiring treatment at a hospital. (*Id.*). Thus, Plaintiff brings a claim against Defendants for "[f]ailure to protect and deliberate indifference" pursuant to 42 U.S.C. § 1983.

The same day Plaintiff filed his complaint, he filed the instant motion for emergency injunctive relief.[1] (ECF No. 3). In that motion, Plaintiff requests "immediate transfer to the custody of his federal detainer to serve his federal sentence in the [Bureau of Prisons]" or "another secure county jail" to prevent "future life threatening or physical injuries." (*Id.*, PageID.9). In support of his motion, Plaintiff asserts that his assault was the direct result of the fact that Defendants Jogan and Hendrix "revealed [his] confidentiality as an informant" and caused him to be labeled a "rat" and a "snitch." (*Id.*, PageID.10). Plaintiff claims, then, that his life is in serious danger because of the alleged misconduct of these defendants, and that he should be transferred to another correctional facility to "prevent more brutal attacks by other inmates throughout the jail." (*Id.*).

B.  **Applicable Legal Standards**

The Court will construe Plaintiff's motion for immediate injunctive relief as a motion for temporary restraining order ("TRO") and/or preliminary injunction. TROs and preliminary injunctions "are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held." *Koetje v. Norton*, No. 13-12739, 2013 WL 8475802, at *2 (E.D. Mich. Oct. 23, 2013). Whether to grant such relief is a matter within the district court's discretion. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).

The same factors are considered in determining whether to grant a request for a TRO

---

[1] On October 7, 2021, this motion was referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 4). However, because Plaintiff seeks injunctive relief, the Court proceeds by way of a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(A); E.D. Mich. LR 72.1(a)(2)(C).

or a preliminary injunction. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *Id.* (citing *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). Moreover, a TRO is an extraordinary remedy, "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In addition, Fed. R. Civ. P. 65(b)(1) states that a TRO may be issued without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies to the court in writing any efforts made to give notice and the reasons why it should not be required.

Furthermore, an *ex parte* TRO is only appropriate where the applicant "would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erard v. Johnson*, 905 F. Supp. 2d 782, 791 (E.D. Mich. 2012). As the United States Supreme Court has explained, the extremely limited availability of *ex parte* TROs "reflect[s] the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods,*

3

*Inc. v. Teamsters*, 415 U.S. 423, 439 (1974).

Finally, the Court notes that where, as here, an inmate seeks an order enjoining prison officials, it must proceed with the utmost care and be cognizant of the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *see also McKune v. Lile*, 536 U.S. 24, 37 (2002) ("'Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government.' To respect these imperatives, courts must exercise restraint in supervising the minutiae of prison life." (quoting *Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (internal citations omitted))). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995) (internal quotations omitted).

**C. Analysis**

Examining Plaintiff's filing against these standards, he has failed to show that he is entitled to the immediate injunctive relief he requests. First, Plaintiff failed to comply with Rule 65(b)(1)'s requirements. He gave no indication that he provided the defendants with notice that he was seeking "immediate transfer to the custody of his federal detainer to serve his federal sentence in the [Bureau of Prisons]" or "another secure county jail[.]" (ECF No. 3, PageID.9). Nor did Plaintiff explain why such notice should not be required. Thus, Plaintiff's *ex parte* motion for immediate injunctive relief should be denied for failing to comply with Fed. R. Civ. P. 65(b)(1)(A) and (B). *See Wiggins v. Nationstar*

*Mortg. LLC*, No. 14-12680, 2014 WL 3400911, at *1 (E.D. Mich. Jul. 10, 2014).

In addition, Plaintiff has not met his substantive burden of demonstrating that he is clearly entitled to immediate injunctive relief. With respect to the first factor, he has not established a strong likelihood of success on the merits. Although Plaintiff alleges that he was assaulted by five inmates because of the defendants' failure to protect him, his allegations are presently without factual or evidentiary support. While Plaintiff presents a concerning allegation, without more, he simply has not shown that he is likely to prevail on any claims against the defendants, which mitigates in favor of denying his request for immediate injunctive relief. *See Cook v. Chase Home Fin., LLC*, No. 10-15108, 2010 WL 5441929, at *1 (E.D. Mich. Dec. 28, 2010) (concluding that the plaintiff had not demonstrated that she was entitled to a TRO partly because she "fail[ed] to demonstrate a strong or substantial likelihood of success on the merits").

Plaintiff also has failed to show that he will suffer irreparable harm without immediate injunctive relief. Again, Plaintiff is seeking "immediate transfer to the custody of his federal detainer to serve his federal sentence in the [Bureau of Prisons]" or "another secure county jail[.]" (ECF No. 3, PageID.9). But Plaintiff admits in his complaint that, after he was assaulted on August 30, 2021, he was moved to a single cell, located in a different cell block from the inmates who allegedly assaulted him. (ECF No. 1, PageID.2). Given this fact, his speculative assertion that he may be assaulted again if he is not immediately transferred is insufficient to obtain the extreme form of injunctive relief that he seeks. *See Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). Rather, to obtain an injunction, "the harm alleged must be

both certain and immediate, rather than speculative or theoretical." *Id. See also Cooper v. Bower*, No. 5:15-CV-P249-TBR, 2017 WL 3389521, at *4 (W.D. Ky. Aug. 4, 2017) (plaintiff's allegation that "staff keep assaulting" him and his conclusory statement that "it is obvious that my life is in danger" do not constitute evidence warranting the injunctive relief of a prison transfer). Thus, Plaintiff has not shown that absent the requested injunctive relief the risk of harm is certain and immediate.

The final two factors also weigh in favor of denying Plaintiff's motion for immediate injunctive relief. Issuing preliminary injunctive relief transferring Plaintiff to a different prison would result in harm to both the defendants and the public, because providing appropriate supervision of Michigan's inmate population necessarily requires the ability to determine where prisoners are appropriately housed. As the Sixth Circuit has recognized, "problems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the courts." *Bazzetta v. McGinnis*, 124 F.3d 774, 779 (6th Cir. 1997). Moreover, "[w]hen an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are 'especially critical' since such an order would necessarily intrude 'significantly into the prerogatives of state correctional officials.'" *Huber v. Nolan*, No. 1:19-CV-224, 2019 WL 2314630, at *3 (S.D. Ohio May 31, 2019) (quoting *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988) and citing *Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984)). Here, Plaintiff has failed to provide the Court with sufficient evidence from which it could find that the requested injunction is warranted, and his request, by its very nature, intrudes on the prison system's ability to

6

make decisions regarding the care and custody of its prisoners.

In sum, since Plaintiff has failed to meet his "heavy burden," his request for immediate injunctive relief should be denied. *Beeler v. Deutsche Bank Nat'l Trust Co.*, No. 08-10634, 2008 WL 495482, at *2 (E.D. Mich. Feb. 21, 2008) (denying the plaintiff's TRO motion where she made allegations of irreparable harm but failed to address the other three factors because "[w]hile mindful of a petitioner's heavy burden under these circumstances, the Court is not persuaded that the facts – as presented – warrant [this] extraordinary remedy").

## II. RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Motion for Emergency Injunctive Relief **(ECF No. 3)** be **DENIED**.

Dated: October 14, 2021         s/David R. Grand
Ann Arbor, Michigan            DAVID R. GRAND
                                          United States Magistrate Judge

## REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.

*Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

*Note these additional requirements at the direction of Judge Michelson:*

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 14, 2021.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager