UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CARTER,

    Plaintiff,

v.

MICHAEL BOUCHARD, et al.,

    Defendants.

Case No. 21-12309
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**ORDER ACCEPTING REPORT AND RECOMMENDATION [5]
AND DENYING PLAINTIFF'S MOTION FOR EMERGENCY
INJUNCTIVE RELIEF [3]**

Dennis Carter alleges that Michael Bouchard, the Oakland County Sheriff, and at least two deputies revealed confidential information Carter provided them, causing Carter to be assaulted by at least five other inmates at the Oakland County Jail. (ECF No. 8, PageID.23–24.) Carter also alleges that Bouchard failed to properly train his deputies to prevent confidential information from being revealed. (*Id.* at PageID.24.) Carter states that Bouchard and the deputies' actions deprived him of his Eighth Amendment rights. (*Id.*)

At the same time he filed his original complaint, Carter also requested emergency injunctive relief. (ECF No. 3.) Carter asked to be transferred to a different facility or released into federal custody. (*Id.* at PageID.9.) Before the Court is Magistrate Judge David Grand's Report and Recommendation recommending Carter's motion be denied. (ECF No. 5, PageID.8.)

At the conclusion of the October 14, 2021 Report and Recommendation, Magistrate Judge Grand notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 5, PageID.18.) Under Federal Rule of Civil Procedure 6(d), since Carter was served via mail, three days are added to the objection period. And the prison mailbox rule also applies, so Carter's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Carter may have mailed, it has now been over 45 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report

to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 5.) It follows that Plaintiff's Motion for Emergency Injunctive Relief (ECF No. 3) is DENIED.

SO ORDERED.

Dated: December 6, 2021

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE