UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CARTER,

                Plaintiff,                Civil Action No. 21-12309

v.                                           Laurie J. Michelson
                                                United States District Judge

MICHAEL BOUCHARD, *et al.*,        David R. Grand
                                                    United States Magistrate Judge

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO CONVEY PLAINTIFF TO ALTERNATIVE FACILITY (ECF No. 30)

On September 20, 2021, *pro se* plaintiff Dennis Carter ("Carter"), an incarcerated person, commenced this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Michael Bouchard, the Oakland County Sheriff, and two Oakland County Jail deputies, "Jogan" and "Hendrix" (collectively "Defendants"). (ECF No. 1). Pursuant to 28 U.S.C. § 636(b), all pretrial matters have been referred to the undersigned. (ECF No. 11).

## Background

Carter alleges that "on 4, 2021," he was threatened multiple times by another inmate in his cell block (C-3) at the Oakland County Jail. Carter reported the threats, and "the threatening inmate was moved off block C-3. However, "on 5, 2021 the same threatening inmate . . . was moved right back to block C-3 right next door to me." Carter again reported the situation to "jail staff." He claims that Deputies Jogan and Hendrix "remove[d] the inmate and placed him outside in the booth next to my cell and the threatening inmate

yelled to the top of his lungs, 'hey everybody the Police told me Dennis Carter 'rat' me out on a snitch kite.'" Carter claims that Deputies Jogan and Hendrix admit to informing the "threatening inmate" that Carter had complained about him. Carter claims that "on 8.30.21" he was "assaulted by five inmates on D-5-B." Carter blames Deputies Jogan and Hendrix for "failure to protect that lead up to me being severely assaulted . . ." That same day, Carter was moved to a single cell in "K-Block," which he characterizes as a "punitive area with mental health patients . . ." Carter then filed the instant lawsuit alleging violations of his constitutional rights. He also filed a motion for emergency injunctive relief, asking to be transferred to federal custody."

On October 14, 2021, the Court issued a Report and Recommendation to deny Carter's motion for injunctive relief for a number of reasons, including that, "[w]hile [Carter] presents a concerning allegation, without more, he simply has not shown that he is likely to prevail on any claims against the defendants . . ." (ECF No. 5, PageID.16). Indeed, the Court noted that "after he was assaulted on August 30, 2021, [Carter] was moved to a single cell, located in a different cell block from the inmates who allegedly assaulted him," and that "his speculative assertion that he may be assaulted again if he is not immediately transferred is insufficient to obtain the extreme form of injunctive relief that he seeks." (*Id.*). Carter did not object to that Report and Recommendation, which was adopted on December 6, 2021. (ECF No. 14). The Court notes, however, that as of October 25, 2021, Carter was being held at the Federal Correctional Institution (FCI) in Milan, Michigan, and is presently being held at FCI Hazelton, in Bruceton Mills, West Virginia. (ECF Nos. 10, 31).

On March 21, 2022, Carter filed the instant motion, entitled, "Motion to Convey Plaintiff to Alternative Facility." (ECF No. 30). In his motion, Carter references the year-ago assault that forms the basis of the instant civil action, and asserts that although he was being held in federal custody, "there is a high possibility that he "may have to return to the 'Oakland County Jail' to proceed with [this] litigation." (*Id.*, PageID.89). Thus, Carter seeks a court order "compelling his placement in an alternative county jail[.]" (*Id.*). In essence, then, Carter is seeking injunctive relief prohibiting his *potential* transfer to the Oakland County Jail.[1]

**Applicable Standards**

As noted above, this Court has considered and recommended denial of Carter's prior motion for emergency injunctive relief, in which he sought transfer to a federal prison. (ECF No. 5). As the Court indicated at that time, four factors are considered in determining whether to grant preliminary injunctive relief: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (citing *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)).

**Discussion**

Here, Carter has made no attempt to explain how he satisfies this four-factor test.

---

[1] Because Carter seeks injunctive relief, the Court proceeds by way of a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(A); E.D. Mich. LR 72.1(a)(2)(C).

Moreover, examining the instant motion against these standards, it is clear that Carter has not met his burden of demonstrating that he is entitled to a court order prohibiting his transfer to the Oakland County Jail.

With respect to the first factor, he has not established a strong likelihood of success on the merits. Although Carter alleges in his motion that he was "seriously assaulted" as a result of the defendants' "negligence," this allegation is presently without factual or evidentiary support and, thus, he has not shown that he is likely to prevail on any claims. Carter also has failed to show that he will suffer irreparable harm without immediate injunctive relief, as there is no indication that his transfer to the Oakland County Jail is a realistic possibility, let alone an imminent certainty; rather, Carter simply seeks a court order prohibiting such transfer at any time in the future based on the unsupported concern that he "may" be returned there in the future.[2] The final two factors also weigh in favor of denying the instant motion: issuing an order prohibiting Carter's transfer to the Oakland County Jail would result in harm to both the defendants and the public, because providing appropriate supervision of Michigan's inmate population necessarily requires the ability to determine where prisoners are appropriately housed, and that is a matter best left to the prison officials charged with making those determinations. *See Bazzetta v. McGinnis*, 124 F.3d 774, 779 (6th Cir. 1997) ("problems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the

---

[2] Carter writes that he "may have to return to the 'Oakland County Jail' to proceed with [this] litigation," but it is unclear why he holds that belief. Carter may certainly continue prosecuting this case from FCI Hazelton, or anywhere else he may be housed while this case is pending.

courts"). Here, Carter has failed to provide the Court with sufficient evidence from which it could find that the requested relief is warranted, and his request, by its very nature, intrudes on the prison system's ability to make decisions regarding the care and custody of its prisoners.

## Conclusion

In sum, having considered the relevant factors, the Court **RECOMMENDS** that Carter's "Motion to Convey Plaintiff to Alternative Facility" **(ECF No. 30)** be **DENIED**.

Dated: April 22, 2022                                s/David R. Grand
Ann Arbor, Michigan                                  DAVID R. GRAND
                                                     United States Magistrate Judge

## REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

***Note these additional requirements at the direction of Judge Michelson:***

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2022.

s/Eddrey O. Butts<br>
EDDREY O. BUTTS<br>
Case Manager