UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CARTER,

    Plaintiff,

v.

MICHAEL BOUCHARD, et al.,

    Defendants.

Case No. 21-12309
Honorable Laurie J. Michelson

---

**OPINION AND ORDER OVERRULING OBJECTIONS [37], ADOPTING REPORT AND RECOMMENDATION [32], AND DENYING MOTION FOR ALTERNATIVE PLACEMENT [30]**

---

Until October 2021, Dennis Carter was incarcerated at the Oakland County Jail. While there, he says that another person incarcerated at the Jail threatened him. So Carter reported this person to Jail officers, and that person was moved off of Carter's cellblock. About a month later though, he was moved back to Carter's cellblock, right next to Carter's cell. Carter reported the issue again. This time, says Carter, the officers told the person threatening Carter that Carter had reported him, leading to other incarcerated people calling Carter a rat and a snitch. Carter says that a few months later, five incarcerated people assaulted him because he was known as a snitch.

So Carter sued Michael Bouchard, the Sheriff of the Oakland County Jail, and several officers who were allegedly responsible for placing him next to someone who threatened him and for telling others he was a snitch. He claims that by doing these two things, Defendants failed to protect him from a life-threatening situation in

violation of his constitutional rights. Shortly after filing suit, Carter was transferred out of the Oakland County Jail.

As for the lawsuit, this Court referred all pretrial matters to Executive Magistrate Judge David R. Grand. In April 2022, Carter moved for a Court order directing that he not be moved back to the Oakland County Jail. Carter is presently incarcerated at FCI Hazelton in West Virginia. Carter requests that if he is transferred back to Michigan to resolve a pending criminal case, that he be placed somewhere other than the Oakland County Jail. (ECF No. 30.) Magistrate Judge Grand issued a report and recommendation denying the motion, which Carter has objected to. (ECF Nos. 32, 37.)

For the reasons explained below, the Court OVERRULES Carter's objections and ADOPTS the report and recommendation.

## I. Standard of Review

The Court will construe the motion as one for a preliminary injunction, as the magistrate judge did, because Carter asked the Court for injunctive relief. (ECF No. 32, PageID.95.) Courts have analyzed similar requests under the preliminary injunction framework. *See, e.g., Clayton v. Mich. Dep't of Corrections*, No. 17-1003, 2017 WL 68041104, at *1 (6th Cir. Aug. 21, 2017) (considering a request to be transferred to a facility with mental healthcare services as a motion for preliminary injunction).

And because Carter asks for injunctive relief, the Court reviews the motion de novo. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3).

## II. Objection to Report and Recommendation

Carter lodges objections to the magistrate judge's report and recommendation to deny his motion for alternative placement. (ECF Nos. 30, 32.) In that motion, Carter asked the Court to order "his placement in an alternative county jail to assure there will be no retaliation by staff or inmates employed or housed at the Oakland County Jail." (ECF No. 30, PageID.89.)

As an initial matter, even assuming the Court were inclined to grant the motion, it is not clear that it can order Defendants to place Carter at a different jail should he be transferred back to Michigan. Carter has sued the Sheriff of the Oakland County Jail and officers who work at the Jail. But he does not suggest that these individuals have the authority to assign him to a particular jail.

Turning to the merits of the motion, "[i]n evaluating a request for a preliminary injunction, a district court should consider: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without a preliminary injunction; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012). As the party seeking the preliminary injunction, Carter bears the burden of "justifying such relief, including showing irreparable harm and likelihood of success." *Id*. The proof required to meet this burden is "much more stringent than the proof required to survive a summary judgment motion." *Id*.

Carter has not shown a likelihood of success on the merits. Though Carter reiterated the factual allegations that support his claim as evidence of success on the merits, he provides no evidence to support these claims, let alone proof that is "much more stringent than the proof required to survive a summary judgment motion." *See McNeilly*, 684 F.3d at 615. The facts he provides are not in the form of a declaration, affidavit, or verified complaint. And though Carter states that the Court will find success on the merits when the Court "review[s] all facts that is clearly documented on record," no record currently exists for the Court to review. And the Court may not award an injunction based on a party's promise that some future record will prove its allegations.

Carter also cannot show that he faces no irreparable injury without a preliminary injunction. Carter is currently incarcerated at FCI Hazelton in West Virginia. So he faces no imminent injury at the hands of Defendants in Michigan. His motion is premised on the notion that he will likely be transferred back to Oakland County Jail because he has a pending criminal case in the county. (ECF No. 37, PageID.115.)

But even if resolution of his pending criminal case required Carter to be transferred back to the Oakland County Jail, Carter has not shown that the injunction is necessary to prevent him from suffering irreparable injury. For one, Carter alleges that he was physically assaulted by five different people incarcerated at the Jail. But most people there are either pretrial detainees or serving shorter sentences, meaning that the jail population is constantly shifting. So, without more,

4

it is unclear whether the same people that allegedly assaulted Carter a year ago would still be there if Carter is moved back at some point in the indefinite future. Further, there are ways to separate Carter from the people who assaulted him while still housing him in the same facility. Carter also states the injunction is necessary to ensure there is no retaliation by Jail staff. But there is no evidence that the officers acted in a retaliatory manner toward Carter at the Jail. The complaints Carter made were not about officers, so they would have no reason to retaliate against him for that. And Carter provides no evidence that the officers would act in retaliation for this current lawsuit. To the extent that Carter argues the injunction is necessary because, as he has alleged, Jail officers will not protect him from harm at the Jail, that harm is too speculative at this point for the Court to grant the injunction. As explained, there is no evidence that the same individuals who harmed Carter before are still incarcerated at the Jail, nor is Carter's transfer to the Jail imminent. And by Carter's own account, after he was assaulted, Jail officials moved him to a single cell in a cell block away from the people who assaulted him. (ECF No. 1, PageID.2.) The uncertainty of the harm he faces, plus the lack of evidence in support of his motion, makes it so Carter cannot show irreparable harm absent injunctive relief.

      The Court also agrees with the magistrate judge that the public interest factor weighs against granting the preliminary injunction. Courts regularly recognize that "[p]rison administration is . . . a task that has been committed to the responsibility of the [legislative and executive] branches, and separation of powers concerns counsel a policy of judicial restraint. Where a state penal system is involved, federal courts

5

have . . . additional reason to accord deference to the appropriate prison authorities." *Turner v. Safley*, 482 U.S. 78, 85 (1987); *see also Bell v. Wolfish*, 441 U.S. 520, 531 (1979).

Thus Carter's objections to the magistrate judge's report and recommendation (ECF No. 37) on his motion for alternative placement are overruled. Accordingly, the report and recommendation (ECF No. 32) is ADOPTED and Carter's motion (ECF No. 30) is DENIED.

SO ORDERED.

Dated: May 18, 2022

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE