UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CARTER,

    Plaintiff,

v.

MICHAEL BOUCHARD, et al.,

    Defendants.

Case No. 21-12309
Honorable Laurie J. Michelson

**OPINION AND ORDER OVERRULING OBJECTIONS TO
ORDER ON MOTION TO EXTEND [28]**

Until October 2021, Dennis Carter was incarcerated at the Oakland County Jail. While there, he says that another person incarcerated at the Jail threatened him. So Carter reported this person to Jail officers, and that person was moved off of Carter's cellblock. About a month later though, he was moved back to Carter's cellblock, right next to Carter's cell. Carter reported the issue again. This time, says Carter, the officers told the person threatening Carter that Carter had reported him, leading to other incarcerated people calling Carter a rat and a snitch. Carter says that a few months later, five incarcerated people assaulted him because he was known as a snitch.

So Carter sued Michael Bouchard, the Sheriff of the Oakland County Jail, and several officers who were responsible for placing him next to someone who threatened him and for telling others he was a snitch. He claims that by doing these two things, Defendants failed to protect him from a life-threatening situation in violation of his

constitutional rights. Shortly after filing suit, Carter was transferred out of the Oakland County Jail to FCI Milan. He currently is incarcerated at FCI Hazleton in West Virginia.

As for the lawsuit, this Court referred all pretrial matters to Executive Magistrate Judge David R. Grand. In March 2022, Defendants moved to extend the dates in the scheduling order. (ECF No. 25.) Finding good cause, Magistrate Judge Grand granted the motion. (ECF No. 26.) Carter filed an objection to this order.[1] (ECF No. 28.)

For the reasons below, the Court OVERRULES Carter's objections. (ECF No. 28.)

## I. Legal Standard

When a party objects to a magistrate judge's written order on a non-dispositive matter, a district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

## II. Objection to Order to Extend

Carter objects to the magistrate judge's order extending the scheduling order dates by 90 days. (ECF Nos. 26, 28.) Specifically, Carter says that the extension was unnecessary and that he needs a faster resolution of this case so he "can properly resolve his criminal litigation." (ECF No. 28, PageID.84.) He also asserts that the

---

[1] In the same document as the objection to the order, Carter also moves to amend his witness list and moves to compel mediation. (ECF No. 28.) But motions seeking separate relief from the Court should not be filed with objections. They should be filed as separate motions. Once properly filed, those motions will then be decided by the magistrate judge. They will not be decided in this opinion.

2

magistrate judge erroneously relied on "fabricated documentation" provided by Defendants "pertaining to the allege[d] claim of being unable to contact officials at FCI Milan" to schedule Carter's deposition. (*Id.* at PageID.85.)

The Court overrules Carter's objections. Carter does not explain why resolution of this case, which primarily involves failure-to-protect claims against officers at the Oakland County Jail, has any impact on the pending criminal case. And the Court cannot identify any reason why that would be the case, besides Carter's desire to avoid a transfer to the Oakland County Jail (which is discussed in a separate opinion). Nevertheless, the criminal case will likely be resolved no matter what happens in this case.

Carter also provides no support for his conclusory allegation that Defendants "fabricated documentation." Carter argues that Defendants could use various means to contact officials at the relevant facility to arrange his deposition. While that may be true, that does not mean that Defendants "fabricated" anything when they stated they have "not yet been able to speak with the administrator in charge of arranging Plaintiff's deposition." (ECF No. 25, PageID.75.) Further, there are often logistical hurdles to overcome before deposing an incarcerated individual, which adds additional time to the scheduling process—especially during the coronavirus pandemic. And Defendants explained that they also may want to depose some or all of the witnesses Carter identified on his witness list. They also say that they need time to obtain and review Carter's medical records, since he has put his medical condition at issue by claiming damages for physical injuries. Thus, there were plenty

of reasons for the magistrate judge to find good cause to extend the scheduling order dates. Nothing Carter points to shows that the order was clearly erroneous or contrary to law.

### III.

In sum, Carter's objections to the magistrate judge's order extending the scheduling order dates (ECF No. 28) are OVERRULED.

SO ORDERED.

Dated: May 18, 2022

                                           s/Laurie J. Michelson
                                           LAURIE J. MICHELSON
                                           UNITED STATES DISTRICT JUDGE