UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS CARTER,

    Plaintiff,

v.

MICHAEL BOUCHARD, et al.,

    Defendants.

Case No. 21-12309
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION [62] AND
DENYING DEFENDANTS' MOTION TO DISMISS [59]**

Until October 2021, Dennis Carter was incarcerated at the Oakland County Jail. While there, he says that another person incarcerated at the Jail threatened him. So Carter reported this person to Jail officers, and that person was moved off of Carter's cellblock. About a month later though, he was moved back to Carter's cellblock, right next to Carter's cell. Carter reported the issue again. This time, says Carter, the officers told the person threatening Carter that Carter had reported him, leading to other incarcerated people calling Carter a rat and a snitch. Carter says that a few months later, five incarcerated people assaulted him because he was known as a snitch.

So Carter sued Michael Bouchard, the Sheriff of the Oakland County Jail, and several officers who were responsible for placing him next to someone who threatened him and for telling others he was a snitch. He claims that by doing these two things,

Defendants failed to protect him from a life-threatening situation in violation of his constitutional rights. Shortly after filing suit, Carter was transferred out of the Oakland County Jail to FCI Milan. He currently is incarcerated at FCI Coleman in Florida.

In response, Defendants filed a motion to dismiss and/or motion for summary judgment. (ECF No. 53.) But apparently there were some issues in serving the motion on Carter. (ECF Nos. 57, 58.)

All pretrial matters were referred to Magistrate Judge David R. Grand. Magistrate Judge Grand granted Carter more time to respond to the motion. After no response was received by the new date, however, Magistrate Judge Grand issued a show-cause order instructing Carter to explain why the court should not recommend granting Defendants' motion. (ECF No. 58.) The response was due on March 1, 2023.

Wasting little time, on March 2, Defendants moved to dismiss the case under Federal Rule of Civil Procedure 41(b) for failure to prosecute because Carter had not responded to their motion or the show-cause order. (ECF No. 59.) However, Magistrate Judge Grand recommends denying the motion (ECF No. 62), because Carter eventually responded and asked for an extension of time to respond to Defendants' motion because he had not yet received it (ECF No. 60). This recommendation is before the Court.

At the conclusion of the March 20, 2023 Report and Recommendation, Magistrate Judge Grand notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil

Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 62, PageID.619.) Under Federal Rule of Civil Procedure 6(d), since Carter was served this recommendation via mail, three days are added to the objection period. The 17-day objection period has since passed, and no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 62.)

3

It follows that Defendants' motion to dismiss under Rule 41(b) (ECF No. 59) is denied.

SO ORDERED.

Dated: April 7, 2023

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE