UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF MICHAEL BOUCHARD, DEPUTY JOGAN, DEPUTY HENDRIX, and JANE/JOHN DOES,<br><br>    Defendants. | Case No. 21-12309<br>Honorable Laurie J. Michelson<br>Magistrate Judge David R. Grand |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [73] AND GRANTING MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT [53]**

Until October 2021, Dennis Carter was incarcerated at the Oakland County Jail. While there, he says that another person incarcerated at the Jail threatened him. So Carter reported this person to Jail officers, and that person was moved off of Carter's cellblock. About a month later though, he was moved back to Carter's cellblock, right next to Carter's cell. Carter reported the issue again. This time, says Carter, the officers told the person threatening Carter that Carter had reported him, leading to other incarcerated people calling Carter a rat and a snitch. Carter says that a few months later, five incarcerated people assaulted him because he was known as a snitch. So Carter sued Michael Bouchard, the Sheriff of the Oakland County Jail, and several officers who were responsible for placing him next to someone who threatened him and for telling others he was a snitch. He claims that by doing these two things, Defendants failed to protect him from a life-threatening

situation in violation of his constitutional rights. Shortly after filing suit, Carter was transferred out of the Oakland County Jail to FCI Milan. He currently is incarcerated at FCI Coleman in Florida.

In response, Defendants filed a motion to dismiss and/or motion for summary judgment. (ECF No. 53.) Apparently, there were some issues in serving the motion on Carter (ECF Nos. 57, 58), but eventually, he responded (ECF No. 64).

All pretrial matters were referred to Chief Magistrate Judge David R. Grand. Before the Court is Magistrate Judge Grand's Report and Recommendation recommending Defendants' motion be granted and the case be dismissed. (ECF No. 73, PageID.683–684.)

At the conclusion of the June 13, 2023 Report and Recommendation, Magistrate Judge Grand notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 73, PageID.685.) Under Federal Rule of Civil Procedure 6(d), since Carter was served via mail, three days are added to the objection period. And the prison mailbox rule also applies, so Carter's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Carter may have mailed, it has now been 30 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts the recommended disposition. (ECF No. 73.) It follows that Defendants' motion to dismiss and/or motion for summary judgment (ECF No. 53) is GRANTED. A separate judgment shall follow.

SO ORDERED.

Dated: July 14, 2023

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE