UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DENNIS CARTER,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF MICHAEL BOUCHARD,<br>DEPUTY JOGAN,<br>DEPUTY HENDRIX, and<br>DEPUTIES JANE/JOHN DOES,<br><br>    Defendants. | Case No. 21-12309<br>Honorable Laurie J. Michelson<br>Magistrate Judge David R. Grand |

**OPINION AND ORDER OVERRULING OBJECTIONS [77],
ADOPTING REPORT AND RECOMMENDATION [73], AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [53]**

Until October 2021, Dennis Carter was incarcerated at the Oakland County Jail. While there, he says that Tony Richardson, who was also incarcerated at the Jail, threatened him. According to Carter, Richardson and Carter were to be kept separate and not housed together due to these threats. However, at some point, Richardson was moved to a cell next to Carter's.

So in May 2021, Carter reported the situation to Deputy Jeff Jogan. Jogan consulted with the classification deputy, and Richardson was ultimately moved off of Carter's cellblock, C Block, to B Block. But when Richardson asked Jogan why he was being moved, Jogan responded that Carter had informed him that they were not supposed to be housed together. Richardson then yelled out the door, "It was cell 3."

A few months later, on August 13, Carter requested to be moved from a single-person cell on C Block and was moved to D Block. On August 30, Carter's cellmate Antonio Fenn assaulted Carter. Carter claims his other cellmates joined in the attack, but the deputies' report indicates otherwise. (ECF No. 53, PageID.510 ("[T]here is no evidence to support that anyone else in the cell was involved other than Inmates Carter and Fenn.").) Carter claims the attack occurred because Jogan marked him as a snitch during his encounter with Richardson. (ECF No. 77.) But Fenn's statements immediately after the assault indicate that he assaulted Carter because Carter had been reading Fenn's personal documents. (ECF No. 53, PageID.510, 514.)

Eventually, Carter sued Michael Bouchard, the Sheriff of the Oakland County Jail, Jogan, and Hendrix—who accompanied Richardson when he was moving from Carter's cellblock—for placing him next to someone who threatened him and for telling others he was a snitch. He claims that by doing these two things, Defendants failed to protect him from a life-threatening situation in violation of his constitutional rights. Shortly after filing suit, Carter was transferred out of the Oakland County Jail to FCI Milan. He is currently incarcerated at FCI Coleman in Florida.

All pretrial matters were referred to Chief Magistrate Judge David R. Grand. After some time for discovery, Defendants filed a motion to dismiss and/or motion for summary judgment. (ECF No. 53.) Magistrate Judge Grand recommended granting that motion and dismissing the case. (ECF No. 73.) Before the Court are Carter's objections to Magistrate Judge Grand's recommendation. (ECF No. 77.)

For the following reasons, the Court overrules Carter's objections, adopts the recommended disposition, and grants Defendants' motion for summary judgment.

## I. Standard

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II. Analysis

Carter makes three objections to the report and recommendation—two are procedural and one is substantive. The Court addresses each in turn.

### A. Procedural Objections

Carter's first procedural objection is that the magistrate judge issued a prior report and recommendation denying Defendants' motion to dismiss, which Defendants failed to object to. (ECF No. 77, PageID.694–695.) For this reason, he apparently believes Defendants waived the issues raised in their summary judgment motion.

3

But that prior report and recommendation considered a separate motion—a motion for dismissal pursuant to Federal Rule of Civil Procedure 41(b), which allows a court to dismiss an action "[i]f the plaintiff fails to prosecute" it. (*See* ECF No. 59.) The magistrate judge's denial of that motion said nothing about the substantive issues of the case, which he subsequently addressed on Defendants' motion for summary judgment. (*See* ECF No. 62.) So Defendants' failure to object to the first report and recommendation did not result in waiver of any issue relevant to the report and recommendation on their motion for summary judgment. In short, the magistrate judge's recommendation to deny a failure-to-prosecute motion had no effect on his subsequent recommendation to grant the motion for summary judgment. Carter's objection on this basis lacks merit.

Carter also mentions a couple of discovery issues, including that he lacked an opportunity to depose Defendants and relevant witnesses and that Defendants withheld relevant documents. He asks that the Court "give Plaintiff the opportunity to gain full discovery of production of discovery material documents." (ECF No. 77, PageID.698.)

The problem for Carter is that he has not shown that he properly requested this discovery and that he raised these issues before the fact discovery cut-off. The magistrate judge twice informed Carter that he may issue notices of deposition pursuant to Federal Rule of Civil Procedure 30(b). (*See* ECF No. 33, PageID.100 (denying motion for leave to take depositions and explaining "because the proposed deponents are not inmates, leave of court is not required to conduct their

4

depositions. . . . [B]ecause Defendants are parties to this action, Carter may simply issue notices of deposition pursuant to Rule 30(b)[.]"); ECF No. 42, PageID.133–134 (explaining that Carter does not need leave of court to conduct depositions of Defendants, attaching copies of a Subpoena to Produce Documents and Subpoena to Testify at a Deposition "[i]n the interest of advancing discovery in this matter," and instructing Carter to serve proper requests for production on Defendants under Federal Rule of Civil Procedure 34).) In fact, it appears that the magistrate judge gave Carter substantial guidance on how to achieve his discovery objectives. These orders were filed in April and June of 2022, and discovery did not close until November 2022. (*See* ECF Nos. 33, 42; October 17, 2022 minute entry.) Yet Defendants inform the Court that they never received notices of deposition from Carter. And though Carter filed a motion to compel documents before the close of discovery (ECF No. 43), Defendants showed they substantially complied with the requests (ECF No. 45), so the motion was denied (ECF No. 46). And Carter did not object to this discovery order either.

Carter may not turn back the clock to reopen discovery now. The Federal Rules of Civil Procedure do not provide a specific deadline for filing a discovery motion, so courts apply Rule 16(b)'s "good cause" standard in determining whether a discovery motion is timely. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Santifer v. Inergy Auto. Sys., LLC*, No. 5:15-CV-11486, 2016 WL 4011268, at *2 (E.D. Mich. July 27, 2016). It is well established in this Circuit that "[a] district court may properly deny a motion to

compel discovery where the motion to compel was filed after the close of discovery." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (collecting cases). Indeed, in *Pittman*, the Sixth Circuit affirmed the district court's denial of a motion to compel in part because the motion was filed almost four months after the discovery deadline and one week after the opposing party moved for judgment on the pleadings. *Id.*

Here, Carter has failed to show good cause to reopen discovery. The magistrate judge explained how Carter could obtain the discovery he wanted. It was up to Carter to adhere to those rules and to raise any issues with Defendants' compliance before the fact discovery cut-off. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). He has not shown that he met either of these requirements. So the Court will also overrule this objection.

### B. Substantive Objection

As for his substantive objection, Carter reiterates many of the same facts the magistrate judge reviewed in his report and recommendation. (ECF No. 77, PageID.695.) He states that because he was threatened by Richardson, he was to be kept separate from him. Instead, Richardson was housed in the cell next to Carter's, so Carter asked Jogan to address the situation. Jogan inquired with the classification officer, which resulted in Richardson being moved. When Richardson asked Jogan why he was being moved, Jogan "told him Inmate Carter had informed [Jogan] they

6

weren't supposed to be housed together." (ECF No. 53, PageID.404.) Richardson immediately yelled out the door, "It was cell 3." (*Id.*) It is unclear whether cell 3 refers to Carter. Nevertheless, Jogan more or less concedes these facts. (*See generally* ECF No. 53, PageID.400–405 (Jogan's affidavit)).

Carter says that he was eventually assaulted by Fenn Antonio and four other incarcerated people "after they found out the truth about what Officer Jogan [said] and Tony Richardson marked me as a snitch[.]" (ECF No. 77, PageID.696.) This is where the magistrate judge found that Carter's case failed. Applying the Sixth Circuit's standard from *Westmoreland v. Butler County*, the magistrate judge explained that to prevail on a deliberate-indifference failure-to-protect claim against an individual officer, Carter must prove in part that, by not taking "reasonable available measures to abate" Carter's substantial risk of suffering harm, the deputies "caused [Carter's] injuries." (ECF No. 73, PageID.680 (citing 29 F.4th 721, 728–29 (6th Cir. 2022)).

The magistrate judge concluded that this prong was not satisfied as "there simply is no evidence that Deputy Jogan's actions on May 11, 2021, *caused* the injuries [Carter] suffered at the hands of inmate Fenn more than three months later, on August 30, 2021." (ECF No. 73, PageID.682.) Specifically, he found that Carter was the one who requested to move from his single-man cell to a multi-person cell, that Jogan was not responsible for assigning Carter to the new cell, that temporal proximity did not weigh in favor of finding causation, and that Carter "coexisted with

his cellmates" in his new cellblock "without incident for sixteen days" until the alleged assault. (*Id.* at PageID.682–683.)

The Court agrees with this analysis. Nothing in Carter's objection persuades it otherwise. Importantly, Carter does not point to any evidence that the magistrate judge overlooked in concluding that Carter failed to show a genuine issue of material fact as to causation. He merely states that Fenn's stated reason for assaulting Carter—that Carter had been reading Fenn's personal paperwork—could not be true because "if that was the case, would the other inmates jump on [him]?" (ECF No. 77, PageID.697.) He goes on to argue that the reason "was a lie that Fenn gave as a[n] excuse." (*Id.*)

But again, Carter brings forth no evidence in support of this argument. In fact, the only evidence from Fenn is his statement to the officers right after the assault, which said nothing of the months-old altercation between Richardson and Jogan. (ECF No. 53, PageID.510 ("Inmate Fenn was then interviewed face to face and asked what happened. He stated that when he got out of the shower[,] he caught Inmate Carter reading through his paperwork. When he confronted Carter, they got into a verbal disagreement."); *id.* at PageID.514 (Fenn's witness statement, which said, "Caught him looking through my paperwork. Address it. Conflict.").) So there is nothing to suggest that Fenn assaulted Carter in retaliation for Carter's request to move Richardson or because Jogan told Richardson that Carter made that request. Indeed, there is no evidence that Fenn was even aware of that incident.

8

Likewise, the other evidence does not lead to any inferences in favor of Carter's position either. Months passed between Jogan telling Richardson why he was being moved and Carter being assaulted. (ECF No. 53, PageID.502 (assault occurred on August 30, 2021); *id.* at PageID.403 (Jogan stating that he told Richardson why he was being moved on May 11, 2021)); *cf. Westmoreland*, 29 F.4th 721, 724–25 (finding a fact issue on causation where injuries occurred a little more than a week after plaintiff requested to be kept separate from another individual and plaintiff's mother expressed concerns about threats against plaintiff to the jail in that week). Carter made contemporaneous statements to officers that did not indicate Jogan's statement to Richardson had anything to do with the assault. (ECF No. 53, PgeID.510 (Carter stating Fenn "swung on him for no reason"). And—to the heart of the matter—there is simply nothing in the record to show that Jogan's statement was the basis for the assault other than Carter's own speculation, which does not create a genuine dispute. *Cobb v. Keystone Memphis, LLC*, 526 F. App'x 623, 630 (6th Cir. 2013) ("Cobb fundamentally misunderstands what constitutes a *genuine* dispute of material fact, essentially arguing that if she contests a fact in her brief, no matter how unfounded her objection, her claim survives summary judgment. This is not the case." (citing in part *Hedberg v. Ind. Bell Tel. Co., Inc.*, 47 F.3d 928, 932 (7th Cir. 1995))); *Hedberg*, 47 F.3d at 932 ("Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment."); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must

9

do more than simply show that there is some metaphysical doubt as to material facts.").

So the Court overrules this objection, too.

### III.

In sum, the Court overrules Carter's procedural and substantive objections to the report and recommendation. (ECF No. 77.) Accordingly, the Court adopts the recommended disposition (ECF No. 73) and grants Defendants' motion for summary judgment (ECF No. 53).

A separate judgment will be issued.

SO ORDERED.

Dated: August 4, 2023

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE